UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIA CHISHTI and SARAH POBERESKIN,<br><br>Plaintiffs,<br><br>v.<br><br>TATIANA SPOTTISWOODE, *et al.*,<br><br>Defendants. | Civil Action No. 22-03490 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Zia Chishti and his wife, Sarah Pobereskin, who are proceeding *pro se*, seek to file under seal portions of their complaint and several exhibits attached thereto. *See* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court."); *see also* LCvR 40.7(g) (stating that the Chief Judge shall "hear and determine . . . motions in any case not already assigned" including "motion[s] to seal the complaint"). Plaintiffs initiated the instant lawsuit against defendant Tatiana Spottiswoode and others, raising claims of, *inter alia*, defamation, libel, slander, conspiracy, loss of consortium, tortious interference, and breach of contract. Pls.' Mem. In Supp. of Mot. to Seal ("Pls.' Mem.") at 1, ECF No. 2-1. Specifically, plaintiffs seek to seal paragraphs 231 through 283, paragraphs 312 through 325, and Exhibits E and F (collectively, "the Proposed Redactions"), all of which allegedly relate to defendant Tatiana Spottiswoode and her co-defendants' efforts to breach, and conspire to breach, a confidential arbitration involving her and plaintiff Zia Chishti. Pls.' Mot. to Seal at 1, ECF No. 2; *see generally* Pls.' Compl., ECF No. 1; Pls.' Exs. E, F at 52–66, ECF No. 1-2. Additionally, plaintiffs seek to seal all photographs in Exhibit G and photographs 1 through 3 in Exhibit H, *see* Pls.' Exs. G, H at 67–74, which are photographs of Spottiswoode ("the Spottiswoode Photographs"), *see* Pls.' Mot to Seal at 1–2, on the grounds that these images reveal intimate

1

details, including sexually-charged depictions. For the reasons outlined below, the motion is granted with respect to the Spottiswoode Photographs, but denied for the remainder of plaintiffs' motion, with plaintiffs provided an opportunity to refile a version of their complaint that omits the Proposed Redactions, and subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

## I.     LEGAL STANDARD

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). Courts in this Circuit are instructed to consider the following six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980), "that might act to overcome this presumption," *Hardaway*, 843 F.3d at 980 (citation omitted):

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

*Judicial Watch, Inc. v. Schiff*, 998 F.3d 989, 996 (D.C. Cir. 2021) (quoting *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Metlife, Inc.*, 865 F.3d at 666.

## II.    DISCUSSION

Plaintiffs' claims stem from what they describe was a three-year long consensual, romantic relationship between Chishti and Spottiswoode. Pls.' Mem. at 1. After one of many romantic

encounters, Spottiswoode threatened Chishti with legal action, claiming the affair was not consensual and that Chishti physically abused her. *Id.* As a result of the affair, the two entered a confidential arbitration, which plaintiffs say is governed by AAA Employment Arbitration Rules and Mediation Procedures. *Id.* at 1–2. Plaintiffs allege that the arbitrator in the action entered an agreed-upon Protective Order, "which required that '[a]ll materials produced or generated in this Arbitration are confidential and are not to be further disclosed other than in accordance with the terms of this Protective Order.'" *Id.* at 2.[1] Despite that protective order, Spottiswoode allegedly "disregarded th[o]se obligations and maliciously and publicly spewed a false narrative about her and Mr. Chishti's relationship." *Id.* at 2. She also provided confidential arbitration materials to the United States Congress and testified about those materials before the Judiciary Committee of the United States House of Representatives. *Id.*

Given Spottiswoode's alleged breach of the AAA protective order, plaintiffs filed this lawsuit and now wish to seal parts of the complaint relaying confidential materials from the arbitration that Spottiswoode did not reveal to the public. *Id.* at 2. The thrust of plaintiffs' argument for sealing these records is that (1) the AAA protective order imposes an obligation on Chishti not to disclose information discussed in the Proposed Redactions; and (2) several exhibits contain nude or erotic photographs of Spottiswoode, so sealing of those exhibits is warranted to protect her privacy and prevent Chishti from being exposed to potential civil or criminal liability.

At this early stage of the litigation, the Court is persuaded that the plaintiffs have met their burden of showing, as to the Spottiswoode Photographs, which are merely attached as exhibits to the complaint, that Spottiswoode's privacy interests strongly outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation, *see* Pls.' Exs. G, H at 67–74,

---

[1] Plaintiffs appear to be quoting the AAA protective order in their dispute with Spottiswoode, but the version that appears as Exhibit E, which they wish to seal, *see* Pls.' Ex. E at 52–63, is unsigned, so the record is unclear whether that is the final protective order.

and thus that the sealing motion should be granted as to these exhibits. A different conclusion is reached as to the Proposed Redactions, however.

The Proposed Redactions concern factual allegations surrounding Spottiswoode's alleged breach of the AAA protective order are support plaintiffs' claims for breach of contract and related claims against defendants. *See* Pls.' Unredacted Compl. ¶¶ 231-83, 312-25 (stating various breach of contract, tortious interference, and conspiracy to breach contract claims and alleging numerous allegations to support those claims for relief), ECF No. 2-2; Pls.' Unredacted Exs. E, F at 52–66, ECF No. 2-3 (the purported AAA protective order and the arbitrator's ruling of jurisdiction). According to plaintiffs, the consequence of filing the complaint without seeking to seal the Proposed Redactions is that plaintiffs would be in breach of the purported AAA protective order. *See* Pls.' Mem. at 3–4. Thus, the sole basis for the requested sealing of the Proposed Redactions is the AAA protective order, which, by its terms, authorizes disclosure of otherwise confidential material simply by filing a sealing motion. *See* Pls.' Unredacted Ex. E ¶ 6 (excusing disclosure of otherwise protected information produced in arbitration, so long as the "Party seeking to use Confidential Material . . . will seek an appropriate protective order and seek to file the material under seal."). No other interest, like privacy of the parties, is articulated, and mere compliance with a confidentiality agreement is a wholly insufficient reason to trigger sealing in a federal case. *See, e.g.*, *Doe, Inc. v. Roe*, No. MC 21-43 (BAH), 2021 WL 3622166, at *2 (D.D.C. June 3, 2021) (denying a motion for reconsideration of an order denying plaintiff's motion to seal because "plaintiff [did] not provide[] any cognizable justification for sealing these proceedings beyond the fact that they implicate information designated confidential in an arbitration"); *see also id.* (explaining that the mere fact that the plaintiff brought the action to enforce the confidentiality agreement "do[es] not support plaintiff's position that absolute secrecy must be provided"). Consequently, as to the Proposed Redactions, plaintiffs have not sufficiently explained why, under the *Hubbard* factors, the strong presumption in favor of public access to judicial filings must, or

should, give way and result in the grant of a sealing motion filed only to comply with a protective order entered into privately by the parties. Set against this backdrop, the *Hubbard* factors are considered *seriatim*.

The first *Hubbard* factor—the need for public access to the documents at issue—weighs in favor of sealing the Spottiswoode Photographs, but, as stated above, does not automatically warrant filing the Proposed Redactions under seal. While both the photographs and the Proposed Redactions are apparently subject to the purported protective order, the strength of the "customary and constitutionally-embedded presumption of openness in judicial proceedings," *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995), is not diminished just because certain information has been subject to a protective order entered into by the parties privately in an arbitration. *See Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016) (denying motion to seal documents related to an arbitration settlement despite "the parties' [previous] agreements and several court orders" granting sealing, because defendants had "failed to explain what prejudice would result from the disclosure of these exhibits"); *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012) ("[T]he mere fact that a case was, at one time, placed under seal is not a reason, in and of itself, to indefinitely maintain that seal and thus negate the public's access to judicial records, which the D.C. Circuit has described as 'fundamental to a democratic state.'" (quoting *Hubbard*, 650 F.2d at 315 n.79)). Here, the nudity and other described attributes of the images depicted in the Spottiswoode Photographs support an obvious and strong privacy interest by Spottiswoode that would overcome that presumption in openness since any need for the public to access these images, which are attached only as exhibits to a pleading, is *de minimis*. By contrast, sealing the Proposed Redactions in the text of the complaint and underlying several claims would hinder the public's ability to understand the full nature of the parties' dispute. Notably, the public interest in this dispute is heightened here because of the media attention the parties have garnered, with both Chishti and Spottiswoode making public statements, *see* Pls.' Exs.

C, D1, D2 (articles discussing Chishti's alleged violent sexual assault of Spottiswoode), and Spottiswoode providing congressional testimony.

The second *Hubbard* factor—"the extent of previous public access to the documents," *MetLife, Inc.*, 865 F.3d at 665—weighs against sealing the Proposed Redactions and is neutral as to sealing the Spottiswoode Photographs.  Comparing the information in the Proposed Redactions with other portions of the complaint intended for public filing makes plain that many of the same details in the former are revealed in the latter concerning Spottiswoode and her co-defendants' involvement with the purported breach of contract. *See, e.g.*, Compl. ¶ 154 (explaining that Spottiswoode and defendant Nancy Erika Smith "conspired to violate their duties of confidentiality); ¶ 106 (explaining that Chishti "was contacted by Ms. Spottiswoode's attorney [and co-defendant] Michael Zweig demanding money").  In other words, apart from adherence to the purported AAA protective order, no reason is apparent as to why the disclosure of information about Spottiswoode and her co-defendants' conduct contained in the Proposed Redactions would pose any additional intrusion of, or harm to, the privacy interests of the parties or others.  By contrast, the Spottiswoode Photographs have never been revealed to the public, and their unnecessary disclosure would be gratuitous, so the second factor with respect to those images is neutral here.  *See Am. Prof'l Agency v. NASW Assurance Servs.*, 121 F.Supp.3d 21, 24 (D.D.C. 2013) (quotation marks omitted) ("[T]he second *Hubbard* factor is neutral where there has been no previous access.").

The third *Hubbard* factor—the fact that someone has objected to disclosure, and the identity of that person—weighs against sealing the Proposed Redactions and in favor of sealing the Spottiswoode Photographs. Based on plaintiffs' description of the Spottiswoode Photographs, Spottiswoode would presumably wish to seal these images, as confirmed by the further allegation made by plaintiffs that she did not previously disclose these photographs in her congressional testimony.  At most, however, only the parties would object to the disclosure of the Proposed

Redactions to avoid breach of the AAA protective order. This is insufficient because "litigants to this proceeding have a lesser claim to privacy than third parties." *Hyatt v. Lee*, 251 F. Supp. 3d 181, 185 (D.D.C. 2017) (quoting *McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919, 932 (D.D.C. 2003)).

The fourth and fifth *Hubbard* factors—the strength of any property and privacy interests asserted and the possibility of prejudice to those opposing disclosure, respectively—weighs, again, in favor of granting plaintiffs' motion to seal the Spottiswoode Photographs but against sealing the Proposed Redactions. Presuming that Spottiswoode would support sealing, she has strong personal and privacy interests in her intimate photographs and shielding those images from public disclosure, even if she shared those images with Chishti. Additionally, plaintiffs articulate only a single interest in maintaining the confidentiality of the Proposed Redactions, namely to comply with terms of the purported AAA protective order. Without more grounds for sealing than that compliance, this interest does not outweigh the public's strong interest in open judicial proceedings. *See Doe, Inc. v. Roe*, No. 21-mc-43 (BAH), 2021 WL 3622166, at *3 (D.D.C. June 3, 2021) (denying reconsideration of denial of motion to seal and stating that "[i]f plaintiff wishes to keep certain information sealed, it must specifically describe why the information is sensitive beyond bare reference to the fact that it was designated confidential in an arbitration[,] or that the information might be embarrassing or pose reputational risk to plaintiff").

Finally, the sixth factor—"the purposes for which the documents were introduced during the judicial proceedings," *MetLife, Inc.*, 865 F.3d at 665—weighs, again, in favor of sealing the Spottiswoode Photographs, but against sealing the Proposed Redactions. As to the photographs, Spottiswoode's strong privacy interests in her images, even if they are relevant to the instant dispute, outweigh public access to those images, which only play a role as exhibits in the pleading. *Cf. In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Pracs. Litig.*, 316 F. Supp. 3d at 466 (explaining that documents "that [are] intended to play a crucial role in a court's analysis

should be accessible to the public unless an overriding privacy interest controls"). By contrast, the Proposed Redactions provide substantive factual allegations to support several claims plaintiffs assert against defendants and are therefore crucial to understanding the parties' dispute, without any countervailing privacy or other interest to support sealing, apart from plaintiffs' general interest in adhering to the AAA protective order. As already discussed, this interest in service of a private confidentiality agreement is insufficient reason for sealing.

In sum, consideration of the *Hubbard* factors dictates that plaintiffs' motion should be granted with respect to the Spottiswoode Photographs but denied as to the Proposed Redactions. To be clear, partial denial of plaintiffs' sealing motion should not be interpreted as sanctioning any gratuitous inclusion of the Proposed Redactions to make public otherwise confidential material under the purported AAA protective order. Any such gratuitous inclusion of that text may indeed subvert the purpose of a protective order but, standing alone, is not reason enough to require sealing under *Hubbard*.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to File Portions of Their Complaint Under Seal, ECF No. 2, is **GRANTED IN PART** with respect to Exhibit G and Exhibit H, Photographs 1 through 3, *see* Plaintiffs' Exhibits G, H at 67–74, ECF No.1-2; it is further

**ORDERED** that the plaintiffs' Motion to File Portions of Their Complaint Under Seal, ECF No.2, is **DENIED IN PART** with respect to Paragraphs 231 through 283, Paragraphs 312 through 325, of plaintiffs' Complaint, ECF No.1, and Exhibits E and F, *see* Plaintiffs' Exhibits E, F at 52–66, ECF No. 1-2; it is further

**ORDERED** that the Clerk of Court shall not docket the Complaint unless plaintiffs submit, by **November 21, 2022 at 5:00 PM**, notice that they wish to proceed with filing the complaint under the terms of this Order, *i.e.*, with Paragraphs 231 through 283 and Paragraphs 312 through 325, of the complaint, ECF No.1, and Exhibits E and F, *see* Plaintiffs' Exhibits E, F at 52–66, ECF

No. 1-2, publicly accessible.

**SO ORDERED.**

Date: November 16, 2022.

```
                                    _____
                                    BERYL A. HOWELL
                                    Chief Judge
```